

**ORDERED in the Southern District of Florida on April 23, 2020.**

_____
**Mindy A. Mora, Judge
United States Bankruptcy Court**
_____

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF FLORIDA
# WEST PALM BEACH DIVISION

| | |
|---|---|
| In re: | Case No.: 17-20026-MAM |
| SIMON REYNOLDS, | Chapter 7 |
|     Debtor. | |
| _____/ | |
| NICOLE TESTA MEHDIPOUR, | Adv. Proc. No. 19-01314-MAM |
|     Plaintiff. | |
| v. | |
| JPMORGAN CHASE BANK, N.A.; JPMORGAN CHASE & CO.; AND ALG CAPITAL GROUP LIMITED INC., | |
|     Defendants. | |
| _____/ | |

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION TO DISMISS (ECF NO. 17)

Does the Court's authority to determine whether funds are estate property

create a basis for subject matter jurisdiction when the parties dispute whether the assets should be included in the estate in the first place? The Court concludes that the answer to this question is "yes" and denies Defendants JP Morgan Chase Bank, N.A. and JPMorgan Chase & Co's ("Chase Defendants") motion to dismiss (ECF No. 17) (the "Motion") for lack of jurisdiction. The Court also denies Chase Defendants' request to dismiss for failure to state a claim.

I. Procedural Background and Complaint Allegations

Simon Reynolds ("Debtor") filed a petition for chapter 7 bankruptcy relief on August 7, 2017. Exactly two years later, the chapter 7 trustee ("Trustee") filed this adversary proceeding against Chase Defendants and ALG Capital Group Limited Inc. ("ALG"). The Complaint (ECF No. 1) asserts ten causes of action based on multiple legal theories, including fraudulent transfer under the Bankruptcy Code and applicable state law, transfers otherwise avoidable under the Bankruptcy Code, disallowance of claims, unjust enrichment, and alter ego/veil-piercing.[1]

In the Complaint, Trustee describes a complex pattern of fund-shifting at Debtor's direction. This web of interconnected transfers apparently continued postpetition and involved multiple accounts, some of which were not under Debtor's sole (or even direct) control. Those accounts include accounts with Chase Defendants (the "Chase Accounts"). At the heart of the web lies ALG, Debtor's wholly owned company.

---

[1] Nine of the counts involve Chase Defendants. The tenth count (alter ego/veil-piercing) is asserted solely against ALG.

The ultimate questions at issue in this adversary proceeding are: (1) did Debtor orchestrate the flow of funds to (and from) the Chase Accounts; (2) does Debtor's purported manipulation of the transfers show intent to defraud his creditors; and (3) do the facts demonstrate a sufficient nexus between Debtor, ALG, the transfers, and Chase Defendants such that Chase Defendants knew or should have known about Debtor's scheme? Each question presents a fact-specific inquiry that cannot be finally determined at this stage of the Adversary Proceeding.

II.   Analysis

The Motion seeks dismissal of the Complaint on two bases: (1) subject matter jurisdiction and (2) failure to state a claim.[2] Chase Defendants insist that Trustee has failed to set forth an adequate factual predicate to establish that the funds Trustee seeks to recover (the "Disputed Funds") are property of the estate, rather than ALG's separate property or funds of Debtor's wife. Chase Defendants suggest that Trustee has failed to adequately identify the initial source of the Disputed Funds.  Finally, Chase Defendants describe the origin of the Disputed Funds as fundamental to the threshold issue of this Court's jurisdiction.

Trustee's Response (ECF No. 29) counters that dismissal is inappropriate because the Complaint pleads a clear legal basis for subject matter jurisdiction through allegations of "core" claims arising under the Bankruptcy Code. Trustee

---

[2] Chase Defendants cite to Rule 12(b)(6) for each of these arguments, but Rule 12(b)(1) governs challenges to subject matter jurisdiction in the context of a motion to dismiss. *See infra Garcia*, 104 F. 3d at 1260.

3

characterizes the Motion as a thinly disguised attack on the veracity of facts supporting Trustee's claims rather than upon the jurisdictional basis of Trustee's allegations. Finally, Trustee asserts that the Complaint need not allege that the Disputed Funds were property of Debtor's estate, only that Debtor controlled them.

A. Subject Matter Jurisdiction (Rule 12(b)(1))

Rule 12(b)(1) governs challenges to subject matter jurisdiction at the dismissal stage. Trustee correctly observes in her Response that "it is extremely difficult to dismiss a claim for lack of subject matter jurisdiction." *Garcia v. Copenhaver, Bell & Assocs., M.D.'s, P.A.*, 104 F.3d 1256, 1260 (11th Cir. 1997).[3]

Attacks on subject matter jurisdiction in the context of a motion to dismiss come in two forms: facial and factual. *Id.* at 1261. Facial attacks merely require a court to investigate whether the plaintiff has alleged a procedurally adequate basis for subject matter jurisdiction. *Id.* Factual attacks, however, seek to undermine the factual underpinnings supporting a claim of subject matter jurisdiction. *Id.* In other words, a factual attack aims to knock out the structural basis of the claim by removing a core fact required for the court to exercise jurisdiction. *Id.*

Chase Defendants do not clarify in the Motion whether their challenge to this Court's jurisdiction is a facial or factual attack. Nor do they provide the Court with supplemental evidence (e.g., affidavits) to support their contentions. In the absence

---

[3] A subsequent decision by the Eleventh Circuit Court of Appeals, *Scarfo v. Ginsberg,* 175 F.3d 957 (11th Cir. 1999), presented a direct conflict with *Garcia. Scelta v. Delicatessen Support Servs., Inc.*, No. 98-2578-CIV-T-17B, 1999 WL 1053121, at *5 (M.D.Fla.1999). The Eleventh Circuit later clarified in *Morrison v. Amway*, 323 F.3d 920 (11th Cir. 2003), that *Garcia* remains good law.

4

of clear guidance, the Court will analyze the Motion under each standard.

1. <u>Facial Attack</u>

In a facial attack, the Court accepts the allegations in the complaint as true. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). This fundamental premise makes short work of the Court's analysis.

In the Complaint, Trustee alleged that the Disputed Funds were either (a) held in an account owned by Debtor and disclosed on his schedules and statements of financial affairs, (b) under the direction and control of Debtor, or (c) both. *See* ¶¶ 1-3, 18-44. Because these allegations collectively assert that the Disputed Funds are property of the estate, they provide a basis for federal question jurisdiction sufficient to repel a facial attack. 11 U.S.C. § 541; 28 U.S.C. § 1334(c)(1); 28 U.S.C. § 157; *Kapila v. TD Bank, N.A. (In re Pearlman)*, 460 B.R. 306, 313 (Bankr. M.D. Fla. 2011) (*quoting Nordberg v. Sanchez (In re Chase & Sanborn Corp.)*, 813 F.2d 1177, 1180 (11th Cir. 1987)). *See also Cox v. Fox Broadcasting Co. (In re Cox)*, 433 B.R. 911, 919-20 (Bankr. N.D. Ga. 2010) (contemplating existence of jurisdiction to determine whether asset constituted property of estate and concluding that "no proceeding [is] more necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts") (internal quotation marks omitted).

2. <u>Factual Attack</u>

In a factual attack, the Court does not presume the truthfulness of the allegations in the Complaint. *Williamson v. Tucker,* 645 F.2d 404, 413 (5th Cir. 1981);

5

*Lawrence*, 919 F.2d at 1529 (quoting same). The Court therefore has much greater leeway to examine the potency of a jurisdictional challenge. *Williamson*, 645 F.2d at 412-13 ("[T]here is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case."). Because evaluation of a factual attack may require consideration of evidence, the first inquiry the Court must undertake is whether the issue of subject matter jurisdiction goes to the merits of Trustee's claims. *Id.*; *Garcia*, 104 F.3d at 1261; *Eaton v. Dorchester Dev. Inc.*, 692 F.2d 727, 733 (11th Cir. 1982).[4]

If Chase Defendants' challenge implicates an element of Trustee's claims, the Court must next assess the scope of the attack. *See Morrison v. Amway Corp.*, 323 F.3d 920, 925 (11th Cir. 2003); *see also Garcia*, 104 F.3d at 1261; *Eaton*, 692 F.2d at 733. Because "judicial economy is best promoted when the existence of a federal right is directly reached," federal courts treat a factual attack as a *direct* attack upon the plaintiff's claims when the element in question is "inextricably intertwined" with the merits of the lawsuit. *Williamson*, 645 F.2d at 415; *Eaton*, 692 F.2d at 734; *Lawrence*, 919 F.2d at 1529 (citing *Eaton*).[5] This is the proper procedural path because a factual

---

[4] If Chase Defendants' attack has no bearing upon the merits of a cause of action, then simple logic indicates that the attack is tantamount to a facial attack. In that instance, Rule 12(b)(1) supports dismissal only if the federal claims are wholly insubstantial and frivolous. *Bell v. Hood*, 327 U.S. 678, 682-83 (1981).

[5] Existing case law is oddly silent on how a court should proceed if the element is not inextricably intertwined with the merits, but it is likely that the challenged element would not be foundational for jurisdiction. For example, the Court can imagine a situation where an attack upon facts supporting the existence of a fiduciary duty under 11 U.S.C. § 523(a)(4) would have little impact upon jurisdiction if the complaint allegations otherwise supported a finding of jurisdiction for embezzlement or larceny.

attack upon subject matter jurisdiction functions as an *indirect* attack upon the merits of the lawsuit when the attack undercuts a foundational element of the claim. *Williamson,* 645 F.2d at 415-16; *Garcia,* 104 F.3d at 1261 (quoting same).[6]

Determining whether an attack is "direct" or "indirect" becomes an exercise in frustration as the question is largely circular.[7] An attack that goes to the merits of a claim is a direct attack. Couching that attack as jurisdictional is an indirect approach, but the result is the same—a direct attack. Rather than worry about semantics, the Eleventh Circuit Court of Appeals has focused instead upon the impact of the attack and structured its analysis accordingly. *Morrison,* 323 F.3d at 925, 930; *Garcia,* 104 F.3d at 1266; *Lawrence,* 919 F.2d at 1530.

Honing in upon the essence of the attack achieves two purposes. First, it provides the plaintiff with all necessary procedural protections. *Lawrence,* 919 F.2d at 1530. Second, it places the arguments in the proper procedural perspective. *See id.; see also Morrison,* 323 F.3d at 925. Because a court entertains fact-intensive

---

[6] The analysis in *Williamson* describes *why* a court should decline to entertain indirect attacks upon the merits under Rule 12(b)(1) without defining *what* constitutes such an attack. 645 F.2d at 415-16. Later decisions by the Eleventh Circuit Court of Appeals quote *Williamson* without expository analysis. *See, e.g.*, *Lawrence*, 919 F.2d at 1529.

[7] Usage of the terms "direct" and "indirect" in existing case law is confusing and inconsistent. Although the Fifth Circuit Court of Appeals stated in *Williamson* that a federal court should treat a factual challenge to the court's jurisdiction over a claim as a "direct" attack on the merits of plaintiff's claim, a few sentences later the *Williamson* court characterized the attack in question as an "indirect" attack on the merits. 645 F.2d at 415. *Lawrence* later described a factual attack as an "indirect" attack if the truthfulness of the allegation in question is "inextricably intertwined" with the merits of the lawsuit. 919 F.2d at 1530 ("[W]hen the jurisdictional basis of the claim is intertwined with an element of the cause of action … the attack on jurisdiction is also an **indirect** attack upon the merits.") (emphasis added).

7

arguments only when no material facts remain in dispute, federal courts apply a summary judgment standard to a factual attack upon a core element of an asserted claim. *Lawrence*, 919 F.2d at 1530 ("[W]e adopt a summary judgment standard in evaluating Rule 12(b)(1) motions that also implicate the merits of a claim …."). The elegance of this approach is that it prevents litigants from performing an "end run" around the federal rules by arguing dispositive facts before both sides have completed discovery. *Blanco v. Carigulf Lines,* 632 F.2d 656, 658 (5th Cir. 1980) ("[F]ederal rules entitle plaintiff to elicit material facts regarding jurisdiction through discovery before a claim may be dismissed for lack of jurisdiction."); *Eaton*, 692 F.2d at 734 (reversing district court's dismissal for lack of subject matter jurisdiction).

   a. *Does the attack implicate the merits of Trustee's claims?*

The first question is whether the Motion tests the sufficiency of an element of Trustee's claims against Chase Defendants, namely whether those claims implicate property of the estate. The short answer is yes, as to all counts except potentially Count IX (Unjust Enrichment). The Motion therefore presents a direct attack upon the merits of Counts I-VIII of the Complaint. *See Williamson,* 645 F.2d at 415-16; *Garcia*, 104 F.3d 1261.

   b. *Is the disputed element inextricably intertwined?*

Although the designation of the Disputed Funds as "property of the estate" is not an itemized element of each of Counts I–VIII of the Complaint, the supposition that the Disputed Funds are estate property is fundamental to the analysis of each

8

claim. The classification of the Disputed Funds as estate property is therefore "inextricably intertwined" with the merits of the entire lawsuit.

Without assuming first that the Disputed Funds are property of the estate, the Court cannot determine whether any facts exist that make the Disputed Funds *not* property of the estate. In other words, the Court is faced with a chicken-and-egg scenario: which comes first, designation of the Disputed Funds as estate property, or the Court's ability to investigate the validity of the claims?

When stated so simply, the answer becomes obvious. For the Court to proceed, it must consider the claims as they are asserted, assuming for the moment that the Disputed Funds are estate property. *See Lawrence*, 919 F.2d at 1530-31 ("[F]ederal claims should not be dismissed on motion for lack of subject matter jurisdiction when that determination is intermeshed with the merits of the claim and when there is a dispute as to a material fact.").

c. *Does a reasonable basis exist for Trustee's claims?*

Having determined that the Court must assume the existence of subject matter jurisdiction to proceed with a fact-intensive analysis, the Court is faced with yet another hurdle. Are any of the causes of action providing a basis for federal question jurisdiction clearly immaterial or insubstantial? If yes, then the Court must dismiss those claims prior to applying a summary judgment standard. *Bell v. Hood*, 327 U.S. 678, 682 (1946); *Williamson,* 645 F.2d at 415-16.

Fortunately, the Court's analysis of the soundness of Trustee's claims requires

little depth of inquiry. Trustee's claims do not appear specious, nor is there any reason to believe that Trustee asserted Counts I–VIII merely to "create" federal question jurisdiction. To the contrary, because the Disputed Funds may provide one of the primary sources of recovery for creditors, the assertion of federal—and more specifically, bankruptcy court—jurisdiction does not appear to be manufactured. In fact, marshaling assets is one of a chapter 7 trustee's primary duties in bankruptcy cases. 11 U.S.C. § 704(a)(1) & (2).

Having determined that (1) the Motion presents a factual attack upon the Complaint, (2) this attack implicates a fundamental element of a majority of Trustee's causes of action, (3) the question of jurisdiction is "inextricably intertwined" with the merits of the lawsuit, and (4) the existence of a federal bankruptcy question provides a reasonable basis for the Court exercising jurisdiction over multiple counts of the Complaint, the Court must now evaluate whether it should nonetheless dismiss the Complaint applying a summary judgment standard to the issue of subject matter jurisdiction.

    d. *Is dismissal appropriate?*

Chase Defendants' primary contention is that the Disputed Funds are not property of Debtor's estate. Because bankruptcy courts lack jurisdiction over assets that are not within the reach of 11 U.S.C. § 541, Chase Defendants present dismissal based upon lack of subject matter jurisdiction as a *fait accompli*. Without rock-solid proof in the record (as it exists at the motion to dismiss stage) that the Disputed

Funds are property of Debtor's estate, Chase Defendants jump to the conclusion that this Court presently lacks jurisdiction over the entire dispute.

Not so fast, Trustee counters in her Response. Trustee insists that the "control" test governs, and points to allegations in the Complaint asserting that at least some of the Disputed Funds were placed into accounts which were under Debtor's *de facto* "control". *Chase & Sanborn*, 813 F.2d at 1181; *Pearlman*, 460 B.R. at 314 (citing same). Trustee believes that factual allegations regarding Debtor's control over the Disputed Funds fulfills any inquiry relevant to this Court's jurisdiction. If Trustee is correct, then actual ownership of the Disputed Funds is irrelevant.

Although the Court believes that Trustee has the more correct position, the Court ultimately need not decide whether actual ownership is relevant or if the control test alone is dispositive at this juncture in the Adversary Proceeding. First, with very few narrow exceptions, none of which are relevant here, this Court has jurisdiction to determine whether assets constitute property of a bankruptcy estate. *Andrews v. RBI, L.L.C. (In re Vista Bella, Inc.)*, Adv. No. 12-00060-MAM, 2012 WL 3778956, at *3-5 (Bankr. S.D. Ala. Aug. 30, 2012); *Cox*, 433 B.R. at 919-20. *C.f. Stok Folk + Kon, P.A. v. Carmel (In re Carmel)*, Adv. Proc. No. 18-01331, 2019 WL 4440032, at *10-12 (Bankr. S.D. Fla. March 8, 2019). Second, to the extent that another court could (at least theoretically) share jurisdiction over the assets, considerations of judicial economy and the interrelated factual nature of the many claims asserted in the Complaint weigh strongly in favor of this Court maintaining jurisdiction over the Adversary Proceeding. *See Vista Bella*, 2012 WL 3778956, at *6. Finally, the potential

for conflicting results between this Court and any other court also supports retention of jurisdiction.

More importantly for the Court's present analysis, evaluation of the Motion applying a summary judgment standard supports a finding that this Court has subject matter jurisdiction over the claims asserted in the Complaint at this juncture. The ultimate ownership of the Disputed Funds is not just *a* question in this Adversary Proceeding; it is *the* question from which all other allegations flow. Myriad facts remain in dispute regarding the depth of Debtor's control over the Disputed Funds, the source and location of the Disputed Assets, the timing and nature of the transfers involving the Disputed Funds, the extent of knowledge of Chase Defendants regarding the transfers of the Disputed Funds, and other aspects of the alleged debtor/creditor relationship.

The Court simply cannot make an informed decision regarding the validity of Trustee's claims without ample factual support. *Chase & Sanborn*, 813 F.2d at 1181-82 ("In determining whether the debtor had control of funds transferred to a noncreditor, the court must look beyond the particular transfers in question to the entire circumstance of the transactions."); *Stathopoulos v. Alford (In re McMillin)*, 482 Fed. Appx. 454, 456-57 (11th Cir. 2012) (quoting same). Chase Defendants failed to present the Court with any evidence contradicting Trustee's claims, nor have they supplied the Court with supplemental affidavits or other documentary evidence clearly demonstrating the falsity of Trustee's claims. As a result, the Court declines

12

to convert the Motion to a motion for summary judgment. Even if the Court were to do so, however, material facts remain in dispute and summary judgment would not be appropriate upon that basis. *See* Rule 56.

### e. *What about the unjust enrichment claim?*

As Chase Defendants point out, bankruptcy court jurisdiction over the Disputed Funds is predicated upon the assumption that the administration of the Disputed Funds will, at a minimum, have a conceivable impact upon the administration of the bankruptcy estate. *Vista Bella*, 2012 WL 3778956, at *5 (describing "conceivable effect" test). Because state law provides all elements of the unjust enrichment claim, bankruptcy court jurisdiction over this claim exists only to the extent that judgment may impact administration of the estate. *Id.* The question of conceivable impact poses no particular difficulty for the Court.

It is abundantly clear from the record in Debtor's main bankruptcy case that allegations of alter ego status pervade every aspect of the Trustee's administration of Debtor's bankruptcy estate. Although it is true that alter ego status has not been proven for *res judicata* purposes, Debtor has conceded this point in a settlement with Trustee. *See* ECF Nos. 149 and 164 in Case No. 17-20026. In addition, ALG has thus far declined to respond to Count X of this Adversary Proceeding.[8]

After reviewing the alleged facts in the Complaint and its accompanying exhibits, the Court finds that Trustee's allegations amply meet the standard of

---

[8] ALG likewise has not engaged counsel to represent its interests.

demonstrating a conceivable impact upon Debtor's bankruptcy estate. The Complaint paints a vivid picture of numerous transactions crisscrossing several accounts, at least one of which was under Debtor's direct control and ownership. *See* ¶¶ 1-3, 14. The ancillary question of whether Debtor actually controlled other accounts in the name of ALG or Debtor's wife is not essential to this Court's determination that jurisdiction *does* exist, at least as to some portion of the Disputed Funds. *See Vista Bella*, 2012 WL 3778956, at *5.

Without finally determining that ALG is the alter ego of Debtor, the Court easily concludes that the ability of Trustee to recover and distribute any amount of the Disputed Funds would impact Debtor's bankruptcy estate. The larger question of precisely *which* of the Disputed Funds are accessible must wait for a more fulsome disclosure of facts, either at the summary judgment stage or at trial.

B. <u>Failure to State a Claim (Rule 12(b)(6))</u>

As with application of Rule 12(b)(1), the Court must first assume jurisdiction over the controversy prior to evaluating whether Trustee has stated a claim. *Bell*, 327 U.S. at 682. Next, the Court adopts the same initial stance as with a facial attack under Rule 12(b)(1), accepting the allegations in the Complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Williamson*, 645 F.2d at 415-16. Application of a Rule 12(b)(6) standard inhibits the Court's ability to dismiss an action, thereby providing Trustee with valuable procedural safeguards. *Williamson*, 645 F.2d at 415-16.

The Court has already determined that it is appropriate to exercise subject

14

matter jurisdiction over all counts involving Chase Defendants. The only question left is whether Trustee's allegations assert a plausible basis for relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Trustee's allegations have facial plausibility if they include factual content supporting a reasonable inference that Chase Defendants are liable for the misconduct alleged. *Ashcroft*, 556 U.S. at 678-79.

The Court's earlier detailed exploration of subject matter jurisdiction under Rules 12(b)(1) and 56 informs its present analysis of whether the Complaint should be dismissed for failure to state a claim. The Court must take Trustee's allegations in the Complaint as true. *Id.*; *Williamson*, 645 F.2d at 415-16. Once this occurs, the plain language of the Complaint leads directly to the conclusion that Trustee has stated claims upon which the Court can grant relief as to all counts of the Complaint.[9]

Having reviewed the Complaint, the Motion, the Response, and the Chase Defendant's Reply (ECF No. 33), the Court concludes that the Motion tests the factual sufficiency of certain allegations, rather than demonstrating that Trustee has failed to state legally cognizable claims. The Complaint alleges claims sounding in law and does not "invent" claims for which relief cannot be granted. The Complaint also provides detailed bank records and a clear description of the purported transfers giving rise to theories of recovery. The question of whether or not all available facts ultimately support Trustee's claims must be preserved until after the parties have engaged in discovery and presented all relevant evidence to the Court.

---

[9] *See infra* II.A.1.

III. <u>Order</u>

Accordingly, the Court, having considered the Motion, the Response, the Reply, the full record of this Adversary Proceeding and Debtor's main bankruptcy case, and being otherwise fully informed in the premises, hereby **ORDERS AND ADJUDGES** that:

1. The Motion (ECF No. 17) is **DENIED**.
2. This Court retains jurisdiction over all matters relating to the interpretation or implementation of this Order.

###

Copy furnished to:

Dennis M. Campbell, Esq.

*Attorney Campbell is directed to serve this order upon all interested parties and file a conforming certificate of service.*